Case number 243395 Albert Pickett Jr. et al. v. City of Cleveland OH Argument not to exceed 15 minutes per side Mr. Redinger, you may proceed for the appellant May it please the court, Mike Redinger representing the appellant, the City of Cleveland OH Judge Clay, we've reserved 4 minutes for rebuttal Alright Your honors, the district court erred when it based its class certification order on a finding that the mere assessment of a water lien makes housing unavailable within the meaning of section 3604A of the Fair Housing Act It then compounded that error when it treated that alleged statutory violation as conclusive of the rule 23B3 predominance factors even though for many members of the water lien class the assessment of a lien never leads to an injury such as penalties, interests, or a foreclosure Let me ask you this, the determination of you say by the district court that housing is unavailable doesn't that kind of go to the merits of the dispute such that that issue doesn't have to be adjudicated in connection with deciding the viability of a class action here? I would agree with you that it is a question of law that is a merits issue but that it is appropriate for review under the rule 23F appeal that this is cases on interlocutory appeal from because that, what I call a scope issue of the application of the statute is the basis under which the trial court certified the 23B3 class because it said that the same assessment that it finds makes housing unavailable under the act was also the factor that it found conclusive of the predominance inquiry under the B3 factors such that it did not need to consider whether there were individualized fact of injury questions such as whether water lien member class participants incurred penalties, interests, or actually experienced a foreclosure Alright, but that issue doesn't have to be finally determined at this classification stage, does it? The issue of the application of section 3604A does need to be determined in order to determine whether the district court erred in making its predominance conclusion because it relied on that, what I call a scope issue as the foundation for the predominance portion of the issue and it's generally accepted in this court's law the Inouye Delta Airlines case is one of them that accepts that where there's an underlying question of law that supports the 23B3 analysis that question of law needs to be resolved and resolved under a de novo standard Is it a question of law or a question of fact of whether this affects the availability of housing and if it's a question of fact, would you have a trial before you have a certification of a class? I would call it a question of law, your honor and the reason is because it necessarily brings into the question what this court meant in the Babin case when it interpreted the same otherwise makes unavailable language there under 3604F How do we know whether it makes housing unavailable unless we have the facts of the city of Cleveland presented? How do we decide that as a matter of law? We know this, your honor, because between the Babin case and the Cisneros case this court has set out markers for what it means for what actions fall within the otherwise make unavailable language and what it said is it has to have a direct effect What does it have to have a direct effect under? If you look at Babin Babin says that there are certain acts that are too attenuated from interference with possession or dispossession to qualify under that language If you look at Cisneros it says there are certain acts like discriminatory lending or racial steering that have an immediate effect on possession and between those two emerges a rule which is that for an act to make housing unavailable it needs to dispossess or interfere with possession It is undisputed that liens of the kind that Cleveland Water Institute which are statutory liens do not give any ownership interest in a property They do not interfere with possession Like the District of Vermont case the horror case discussed in our briefs, your honor That was an electric utility lien case unlike a water lien The court said it doesn't do anything to interfere with the use enjoyment of property All a statutory lien does it is a creation of the Ohio General Assembly to solve the problem of non-payment of utility bills What do you do when that happens? The General Assembly decided that the solution to that problem is to allow utilities to certify what is functionally a security interest so that that balance will one day be paid from the property if a series of things occur That's if the property is ever sold It may be years down the line In some cases it may never occur In Ohio they cannot foreclose on a lien? Say the lien is not paid and it goes for years The City of Cleveland can't foreclose and get property based on a lien? Is that Ohio law? To be clear, the City of Cleveland cannot foreclose on a lien itself That's in the record both from the deposition of one of the City of Cleveland's 30B deponents Karen Mustin Robinson and also plaintiff's expert Justin Steele conceded that during his deposition Now, I'm not saying that a lien can never at some day lead to a foreclosure but the mechanism by which that would happen is that Cuyahoga County, in which Cleveland sits Cleveland Water certifies the lien as a security interest against the property It is placed under the relevant statute on the tax duplicate real property list That same real property list also accumulates any other liens that are from various utilities or, for example, real property tax liens that aren't paid Cuyahoga County may at some point in the future determine to foreclose on the property due to the amalgamation of liens that will have accumulated Does that affect the availability of housing then, with a foreclosure of liens? I would agree that a foreclosure would affect the availability of housing but if you look at this court's holding under Babin when they talked about what acts are sufficiently, between Babin and Cineros what acts are sufficiently immediate to affect availability of housing? There is nothing immediate about the assessment of a water lien that contributes to housing unavailability because we know it may not occur at all it may only occur after years and there is nothing in the record that has ever attempted to parse out none of plaintiff's experts looked at this what the actual increased risk traceable to a specific water lien assessment has on that When we look, for example, the named plaintiff, Albert Pickett, is a great example This was discussed in the expert report provided by Martha Corshane, which is in the record She looked at and attempted to parse out what causal impact, if any, water lien certification might have had on housing unavailability I said earlier, Judge Griffin, that when Cuyahoga County decides to foreclose they look at the amalgamation of liens and debt burdens on the property before they decide it Ms. Corshane looked at that and said the percentage of Mr. Pickett's overall encumbrance on the property was only about 6.2% attributable to water liens the remaining 93.8% was related to other debts so that the water lien no one has ever been able to look and see that that relatively marginal portion attributable to a water lien assessment actually makes housing unavailable Well, don't we have the problem that at this stage of the litigation we're not trying to decide if the FHA has been violated that would go to the merits and that issue would be addressed or developed in discovery as the case goes forward but rather we're trying to decide whether the requirements of Rule 23 are met with regard to the requirements for class action so this is all very preliminary we're at the preliminary stage of this action so if we view things in that context our inquiry is somewhat limited, is it not? In this context, Your Honor, I respectfully don't agree and the reason I don't agree is I agree with you that there's no determination yet that the Fair Housing Act has been violated but before we answer the question of whether this is even a Fair Housing Act case you have to consider whether or not the act being challenged made housing unavailable under 3604A if it doesn't, this isn't a Fair Housing Act case Well, no, we don't have to decide that we have to decide if the allegations maybe have initially stated a claim or a cause of action but then we look to see if questions of law and fact if there are questions of law and fact common to the class members such that there's those common issues of law and fact predominate over the interests of the individual members who would constitute the class and if that's so we would say that the district judge has appropriately ascertained that there's that the requirements for class action certification are met that's what we're trying to do at this juncture not delve into determining the merits of the matter So this is where the scope and predominance issues intermingle in a way that becomes confusing because when the district court certified the damages class under Rule 23b-3 in his predominance analysis the district court judge said that it is the assessment of the lien not any penalties, interests, ultimate foreclosures or financial consequences that might accompany the lien at a later date the assessment of the lien is the act both that makes this a Fair Housing Act case and that gives rise to damages and that's where the predominance error here becomes into play because what the district court essentially said is that lien assessment which makes this a Fair Housing Act case that is all I need to look at for determining that certification of a damages class is appropriate and that is inconsistent with what the Supreme Court has said in the TransUnion v. Ramirez case where TransUnion discussed can a statutory violation, an alleged statutory violation support the predominance element of that so the district courts I don't think that's true I don't think that statement you just made is true as a matter of law in as much as the TransUnion case governed the doesn't govern here because it addresses class members standing in the limited context of recovering damages and it declined to address the distinct question of whether every class member must demonstrate standing before the court certifies a class in other words we're way removed from what happened in TransUnion which was would occur down the road if this case proceeds which is we'll get to the issue of damage or the district court we'll get to the issue of damages much later and that's what TransUnion addressed so that is not really applicable here Your Honor, I'm over my time may I answer your question? Yeah the reason TransUnion is applicable and I agree with you Judge Clay that it is a standing case but in determining whether or not the class members in TransUnion had standing the court had to answer the question of how do we define injury in a case where the alleged injury is a violation of a federal statute and in doing that in giving that answer to how you define injury that portion of TransUnion is directly relevant here because it essentially said if you are going to try to satisfy class-wide damages by pointing to violation of a federal statute you have to do one of two things you have to show that that is a harm that Congress explicitly elevated or you have to show that it is analogous to some sort of common law injury in TransUnion it was analogous to a defamation action there's nothing in the record or analysis here that the court did that and if that's the case and it's relying only on the statutory violation our position is that is not sufficient to meet predominance But if the FHA is violated the plaintiffs who had the statute FHA was violated to the statute those plaintiffs they do have standing don't they? for the FHA violation Our position Judge Griffin is that they have standing if they can prove an injury traceable to that violation of the Fair Housing Act in the instance of plaintiffs who experienced a foreclosure If there is a violation of the Fair Housing Act there is standing No Your Honor If there is a violation of the Fair Housing Act and injuries traceable to that such as penalties interests or subsequent foreclosure there would be standing The violation of the FHA itself doesn't give them standing? Correct, just like in TransUnion I thought it did I thought the FHA actually itself gave standing I thought there was some case law about that but am I wrong? Your Honor I am not aware of any case law that creates FHA standing for an injury based simply on that I think this is more analogous to the Fair Credit Reporting Act in TransUnion where the violation alone has to have a concrete injury as well and the failure to do that fact of injury analysis could predominate over common class wide issues Thank you Your Honor Let's hear from your opposing counsel Good morning May it please the Court Jennifer Holmes for Plaintiff's Appellate As the Supreme Court instructed in Amgen the purpose of class certification is not to adjudicate the case but is to select the method best suited for adjudication The District Court did not abuse its discretion here when it held that Plaintiff's proposed method a Waterline B3 class, satisfied Rule 23's requirements including predominance Common issues predominate here because every step of evaluating Plaintiff's Fair Housing Act claim uses the same analysis and relies on the same evidence across the class This is a disparate impact claim and as the Court knows that uses a burden shifting framework where the plaintiffs identify a policy that has a disparity the defendants can put forth a justification for the policy and then the plaintiffs must show a less discriminatory alternative None of these elements require individual proof Now, my friend on the other side mentioned uninjured class members and saying that the District Court had wrongly assumed that a statutory violation of the Fair Housing Act gave class members an injury This goes to your question, Judge Griffin This Court has held in Merck v. Walmart that the harm of racial discrimination under the Fair Housing Act is a cognizable injury that confers standing It was very clear It described how the harms that violate the Fair Housing Act unlike harms under the Fair Credit Reporting Act can give standing for Article 3 purposes So every class member here has standing That's not a concern And the District Court did recognize this in its opinion when it said Proposed class members have suffered the same injury the imposition of the allegedly discriminatory water lien In addition, every class member has the injury of having a lien placed on their property an encumbrance made on their property that authorizes the government to seize that property and sell that property if they don't pay up This more than satisfies the low bar for standing which the Supreme Court has held The harm need only be an identifiable trifle to be considered an Article 3 injury So this is not a case where we have concerns that there are many uninjured class members All of the class suffered an injury that is traceable to the placement of the lien Turning to the scope of the Fair Housing Act itself This statute's broad and inclusive text Congress' intent and cases from this Court and other circuits show that the placement of a lien which sets in motion a process that can result in home loss and greatly increases the risk that that foreclosure will indeed result falls within the statute's otherwise make unavailable language But as you inquired Judge Clay that question does not need to be decided at this juncture We're here on a class certification appeal and it's not necessary to answer the question about the scope of 3604A in order to certify the class or to affirm the class certification Every class member here had a lien placed on their property So every class member has the same question whether the placement of that lien is actionable under the statute That question predominates throughout the class and does not require any consideration of individual circumstances And so it's not necessary for this Court to delve into the merits that go to that question because it can be answered on a class-wide basis This is a fundamental point that Cleveland fails to grapple with Their attacks here are essentially collateral attacks on the District Court's summary judgment decision That decision contained 28 pages of analysis of the Fair Housing Act relying both on legal analysis and the factual record in this case That decision, however, is not on appeal before this Court today And much of their arguments quarrel with the analysis that is in the summary judgment opinion Nevertheless, I'm happy to delve into the merits of the Fair Housing Act in more detail This Court in the Babin case emphasized that Congress intended Section 3604 to reach a broad range of activities that have the effect of denying housing opportunities And it held that conduct that makes housing unavailable within the meaning of the Fair Housing Act is that which directly affects the availability of housing Water liens directly affect the ability of someone to retain their home in at least two ways They greatly increase the risk that a foreclosure will result The record here shows that residential properties with a water lien end in foreclosure 17% of the time Residential properties without a water lien only 1.1% of the time The imposition of a water lien also triggers penalties and interests that make it more expensive for that homeowner to avoid foreclosure because they have to pay off not only the underlying lien but also the penalties and interests in order to save their home from foreclosure In these respects, water liens are similar to many other practices that courts recognize make housing unavailable under the Fair Housing Act because they can trigger or lead to home loss Now, Cleveland says that only conduct that interferes with possession or immediately triggers home loss is cognizable under the statute But that goes against what this court held in the Cisneros case That case concerned the cancellation and non-renewal of homeowner's insurance And the court held that that was cognizable under 3604A because it could lead to home loss even though it didn't immediately trigger that result The Seventh Circuit held the same in the United Farm Bureau case Other circuits have also followed this principle in holding that, for example, threats of eviction that do not actually result in an eviction down the line do fall within the make unavailable language And a number of district courts have found that predatory lending for example, home equity, home improvement or debt consolidation loans that are secured by the property also fall within the make unavailable standard because they place a person at risk of losing that home Babbin cautioned that the conduct at issue cannot be too attenuated in order to fall within the make unavailable standard But that's not the case we have here Imposition of a water lien is not an attenuated or remote factor in whether a person ultimately may lose their home Rather, it's the catalyst It is the instrument that transforms a mere debt an unpaid water bill, into an encumbrance on your property that authorizes the county to come in and foreclose on the home So that's how it has a direct effect on the availability of the home The standard here is not interference with possession My friend on the other side mentioned I don't have the name before me but a case from the District of Vermont That case is in the constitutional takings arena Not a Fair Housing Act case And there's no case law here that says we should read the Fair Housing Act relying on analysis in the takings doctrine It's a completely separate doctrine that requires dispossession, deprivation of housing or a physical invasion on someone's property And that is simply not the standard for make unavailable under the Fair Housing Act I'd like to turn to the actual text for a moment The key language here otherwise make unavailable or deny It's important that we give all of those words meaning And first, controlling precedent says that the language in the Fair Housing Act must be given a generous construction and is broad and inclusive So looking at that language we have to give all those words such a construction The word otherwise indicates that the Fair Housing Act reaches conduct that may go beyond that that interferes with the sale or rental of a property It's a catch-all phrase that broadens the scope of that provision And the words or deny make clear that this section prohibits both conduct that makes unavailable and conduct that denies housing Those two terms must be given different constructions in order for one of them to not be surplussage And so make unavailable encompasses conduct that may fall short of the actual denial And it is broad enough here to include the imposition of a water lien I'd like to turn to an issue that was brought up in the order granting the 23F petition because I think it's important to highlight here And that was the concern that this case would open the floodgates to litigation against municipal liens This case does not challenge all municipal liens The facts here related to Cleveland's water liens show that it falls well within the scope of 3604A because of the particularly harsh way that Cleveland's water liens operate They can be placed for a very low amount of unpaid amount of outstanding water charges as low as $300 Cleveland has very stringent requirements to get on a payment plan in order to avoid the lien requiring that someone pay usually about half of the outstanding balance before being granted a payment plan Do we really have to get into that? Are we focusing on whether the common interests of the class members predominate such that they're entitled to compose a class purposes of bringing a class action We don't have to get into what you're talking about now, do we? That's absolutely right Judge Clay I don't think that any of these factual distinctions are appropriate for the court to delve into right now They go to the merits of the claim They are addressed in detail in the summary judgment decision by the district court But you are correct, we don't need to analyze this Fair Housing Act question about the scope about whether the scope applies to Cleveland's water liens because that is a question that will apply uniformly to the class It is an important question in the case but it is a question that is the same for all class members and that goes to show that legal issues and factual issues predominate for the class And this appeal is about whether the district court correctly certified the class That's really the only thing that's before the court on appeal That is correct It's only whether the district court properly found that the requirements of Rule 23 were satisfied The only requirement that Cleveland has disputed here is the predominance requirement And as mentioned, the key issue whether water liens fall within the scope of the Fair Housing Act is common The key analysis of the disparate impact elements is common across the class So that predominance finding by the district court was proper There's no question here that those issues predominate There's no question that the class members all have an injury here and that the district court was correct to certify the class And if the court has no further questions I have one Thank you very much We'll have rebuttal Your Honors Ms. Holmes started off today by trying to answer your question, Judge Griffin about whether a violation of the Fair Housing Act could be the standing issue could be the injury itself that satisfies the Rule 23B3 predominance Even taking her answer as correct I think that underscores the need to address the scope question Because there is no standing for a violation of the Fair Housing Act if this is not a Fair Housing Act case And I think that's why You're familiar with our case, Merrick v. Wal-Mart that she cited, a Sixth Circuit case from 2024 Yes, Your Honor But I don't believe that pertains at all to the actual scope issues here At page 779 we stated Plaintiffs under the Fair Housing Act have standing under Article 3 because Congress identified and elevated an individual harm, private discrimination in the housing market on the basis of race That harm is comparable to the harm found in the Constitution racial discrimination by the government Doesn't that just say that plaintiffs in a Fair Housing case have standing? And that's what we have here I think it still poses questions of how A 23B3 class requires damages And it's still not clear to me At this point, don't we accept the allegations contained in the complaint? Not at the class certification stage, Your Honor I'll agree with Ms. Holmes that questions about individualized damages are appropriate for later on in the case That initial fact of damage question does have to be analyzed as part of the predominance But having said that, Your Honor Merck only comes into play if this is a Fair Housing Act case If there has been a Fair Housing Act violation Well, I know, but that's a factual issue, isn't it? That's down the road? That goes to the merits I think we all agreed that we are not deciding the merits of this case We're only deciding whether the certification of this class can proceed so they can litigate their allegations Isn't that right? Your Honor, respectfully, I think it mixes up a little bit the status of how the court approached certification We're not early in this case. Discovery is concluded Summary, judgment, and class certification were briefed at the same time There was a full record for Judge Oliver when he was making his certification decision And when he decided to address and certify a damages class under Rule 23B3 He said that the basis for finding a Fair Housing Act damages class was his finding that the assessment makes housing unavailable So I think that presents squarely the legal question of how Even if his rationale is wrong I mean, it's the result that we review And we don't reverse because his rationale is wrong I mean, I think it's quite clear that they allege a Fair Housing Act violation that they have standing to litigate that and to proceed and find out whether it's true or not That's all Your Honor, at this stage of the case they may have alleged a Fair Housing Act violation but to certify a class based on a finding that the assessment of liens make housing unavailable under Section 3604A We just don't know that. I don't know that either And they say because it's such a low threshold of $300 and that you could lose your house by not paying $300 that's going to make housing unavailable It's got to be litigated These questions about threshold, Judge Griffin, are ultimately fact questions that are apart from the answer of whether a statutory lien that's undisputed creates no ownership or possessory interest actually makes it unavailable which is a threshold question of law under interpretation of the Fair Housing Act Thank you Thank you very much Both sides have well argued The case is submitted